IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICARDO MIGUEL CINTAS, | Cause No. CV 24-179-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| COMMANDER ZIEGLER, SERGEANT MODEN, and SERGEANT JOHNSON, | |
| Defendants. | |

Plaintiff Ricardo Miguel Cintas filed a Complaint related to his detention at Missoula County Detention Facility. (Doc. 2.) Cintas's Complaint failed to state a claim and was subject to dismissal. He was directed to file an amended complaint, which he did. (Doc. 7.) The Amended Complaint likewise fails to state a claim. This matter is dismissed.

## I.    STATEMENT OF THE CASE

Ricardo Miguel Cintas is a pretrial detainee at Missoula County Detention Center. Cintas alleges that Defendants have violated his right to counsel, because he was unable to call his attorney on a privileged, unrecorded line, from August to December, 2024. (Doc. 7 at 3.)

Cintas is incarcerated and proceeding in forma pauperis, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915 and

1915A(b) require the Court to dismiss a complaint filed by a prisoner against a governmental defendant proceeding in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

The Court's prior Order detailed what is required to state a claim for a violation of his right to communicate with his counsel. That analysis is incorporated here. Of specific import, Cintas was advised that a prisoner who has not been completely denied access to his attorney must present facts showing that he has been prejudiced. See *Perry v. Leeke,* 488 U.S. 272, 279 – 280  (1989) (defendant must show he was prejudiced by trial court order that he not confer with counsel during 15 minute recess at conclusion of his direct testimony); *United States v. Lucas,* 873 F.2d 1279, 1281 (9th Cir.1989) (inmate required to show prejudice where he was detained in a facility located two hours away from site of

trial because counsel was able to communicate with him by traveling to the prison).

Cintas does not allege facts to plausibly state a claim for relief under this standard. He was, apparently, denied the ability to call his counsel for a period of over three months. He did, however, speak to her in person. He does not allege that he could not send her letters, call her and ask her to visit, or otherwise communicate with her. He does not identify any way in which his inability to call her on an unmonitored line affected his ability to defend himself in court.

In addition, his Amended Complaint does not establish that his problem was made clear to any of the defendants. His Amended Complaint asserts that he filed a grievance about his calls to his attorney not going through on August 16, 2024, and then he did not grieve it again until December 2, 2024. (Doc. 7 at 5 and 7.) Cintas saw his attorney in person shortly after this first grievance. The second time Cintas grieved this issue, it was resolved on the next day. (Doc. 7-1 at 1 – 2.) Cintas has not alleged facts that show that his inability to call his attorney during that period had any impact on his right to counsel or his ability to communicate with counsel. He has failed to state a claim for a violation of his constitutional rights.

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127

(9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Cintas's Amended Complaint fails to state a claim for relief.

Accordingly, it is HEREBY ORDERED:

1.      Cintas's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is direct to enter judgment.

2.      The Clerk of Court shall have the docket reflect that the appeal of this matter would not be taken in good faith. This dismissal counts as a strike against Cintas within the meaning of 28 U.S.C. § 1915.

DATED this 19 day of February, 2025.

_____
Donald W. Molloy, District Judge
United States District Court